1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   DOLORES SANDOVAL,                    Case No.:  19-CV-1477-WVG

12                           Plaintiff,
                                          **ORDER GRANTING PLAINTIFF'S**
13   v.                                   **MOTION TO PROCEED IN FORMA**
                                          **PAUPERIS**
14   ANDREW SAUL, Commissioner of
     Social Security,                     **[Doc. No. 2.]**
15
                             Defendant.
16

17

18

19       Plaintiff files for leave to proceed in forma pauperis on her Complaint. (Doc. No. 2.)

20   The Court reviews Plaintiff's complaint under 28 U.S.C. § 1915(e), as required when a

21   plaintiff files a motion to proceed in forma pauperis. The Court finds that the Complaint

22   sufficiently states a claim for relief. Thus, the Court GRANTS Pimentel's IFP motion.

23                        **I.    MOTION FOR IFP**

24       Plaintiff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any

25   civil action, suit, or proceeding in a district court of the United States, except an application

26   for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action

27   may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is

28   granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d

                                          1

1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Plaintiff states she has no source of income and has monthly expenses of $300 for food. (Doc. No. 2 at 1-2.) She also states she has not been employed within the past twelve months. (*Id*. at 1.) The Court finds that Plaintiff has sufficiently shown an inability to pay the filing fee.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

Social security appeals are not exempt from the § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 12CV973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, No. 15CV1086-JCM-NJK, 2015 WL 3630961, at *2 (D. Nev. June 9, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting

2

forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

Based on the Court's review of the Complaint, the Court finds Plaintiff has sufficiently satisfied the minimal pleading standards above by stating specific points of error she assigns to the ALJ. (*See* Doc. No. 1 at ¶¶ 5-8.)

### III.   CONCLUSION

The motion to proceed IFP is GRANTED.

**IT IS SO ORDERED.**

DATED:  August 9, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge

19-CV-1477-WVG